Singh v. Holder
BIA
Poczter, IJ
A200 819 137

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand fourteen.

PRESENT:
        DENNIS JACOBS,
        ROBERT D. SACK,
        DENNY CHIN,
            *Circuit Judges.*

_____

LAKHWINDER SINGH,
        *Petitioner,*

        v.                                    13-2357
                                             NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Lakhwinder Singh, *Pro Se*, Richmond
                       Hill, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Russell J.E. Verby, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, United

**States Department of Justice,**
**Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Lakhwinder Singh, a native and citizen of India, seeks review of a May 16, 2013, decision of the BIA affirming an Immigration Judge's ("IJ") March 5, 2012, decision, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lakhwinder Singh*, No. A200 819 137 (B.I.A. May 16, 2013), *aff'g* No. A200 819 137 (Immig. Ct. N.Y. City Mar. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Singh's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality

of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the IJ based the adverse credibility determination on inconsistencies between Singh's testimony and statements he made in his credible fear interview, problems with his ration card, and the lack of corroborating evidence. While we do not agree that the two dates on the card rendered it inherently suspect, *cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that false document attributable to applicant may undermine applicant's credibility), the adverse credibility determination is nevertheless supported by Singh's omissions during his credible fear interview, the lack of corroboration, and his

3

failure to submit reasonably available corroborating evidence.

Singh testified that Indian police officers beat and detained him, and yet he failed to mention the beating and detention by police during his credible fear interview. The IJ also reasonably rejected Singh's explanation that his smuggler told him not to mention the Indian police at the interview. This explanation was raised only after his explanation of fatigue was discounted, and was called into question because Singh nevertheless mentioned his efforts to file a police complaint after a second attack by members of the opposing political party. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an IJ need not credit an explanation for an inconsistency unless the explanation would compel a reasonable fact finder to do so). His explanation also conflicted with his later explanation that he was only told not to criticize the Indian police. Accordingly, the IJ reasonably concluded that the omissions called Singh's credibility into question. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167.

In light of Singh's undermined credibility, the IJ was entitled to consider Singh's failure to provide evidence that is relevant and reasonably available as further bearing on his credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). An IJ may require relevant, reasonably available corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (even where credible, an alien may fail to meet burden of proof if he fails to provide reasonable available evidence). Although Singh submitted a letter from the president of his political party, the IJ reasonably gave it minimal weight because it was unnotarized and the author did not provide identification documents or make himself available for cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the weight to be accorded to documentary evidence lies largely within the agency's discretion). Singh testified that his family hid him following the attacks and witnessed continued police efforts to capture him, and that he could have obtained letters from them. Because he failed to do so, the IJ reasonably found that Singh failed to rehabilitate his testimony and that his failure to provide available corroborating evidence both further weakened his credibility and prevented him from meeting his burden of

5

proof.  8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Biao Yang*, 496 F.3d at 273.

All of Singh's claims are based on the same factual predicate.  As a result, the adverse credibility and burden findings are dispositive as to asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk